IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>ROBIN USHER,<br><br>      Defendant. | 4:13-CR-3057<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report and moved for a downward variance. Filings 126 and 127.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objects to the presentence report in several respects. Mindful of the specific considerations set forth below, the Court will resolve the defendant's objection at sentencing.

    (a)    The defendant's first two objections are factually, if not legally, related: the defendant objects to the 14-level enhancement for specific offense conduct based on loss calculation, and the 2-level enhancement for the number of victims. The defendant generally argues that some of the money counted as "loss" wasn't attributable to the crime, that some of the losses are not sufficiently documented, and that some of the included victims were not actually victims. *See* filing 127 at 6-8. The Court expects to resolve these issues on the evidence presented at the June 9, 2015 evidentiary hearing.

            The Court also notes that under U.S.S.G. § 2B1.1, loss calculation and the number of victims are specific offense characteristics, not part of the base offense level. As a result, even the full losses attributable to the fraud, and the total number of victims found by the Court, are not automatically attributable to *this* defendant: because the defendant pled guilty to being an accessory after the fact, the offense level is enhanced for only the specific offense characteristics that were known or reasonably should have been known by the defendant. U.S.S.G. § 2X3.1 cmt. n.1 (citing U.S.S.G. § 1B1.3 cmt. n.10); *see United States v. Spinelli*, 277 F. App'x 936, 939-41 (11th Cir. 2008); *see also United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008) (citing *United States v. Booker*, 186 F.3d 1004, 1007 (8th Cir. 1999)). Accordingly, in determining the defendant's Guidelines range, the Court will include only those losses and victims that were known or reasonably should have been known by the defendant.

    (b)    The defendant objects to the two-level enhancement for "sophisticated means." Filing 126 at 2. The defendant's argument is essentially that the sophisticated means enhancement of U.S.S.G. § 2B1.1(10)(C) is "applicable when the defendant's own

- 2 -

actions constituted sophisticated means, not those actions of a co-defendant." The defendant cites no authority for this proposition, and it is inconsistent with the Guidelines: as mentioned above, § 2X3.1 provides that the base offense level for being an accessory after the fact is six levels below the offense level of the underlying offense, including any specific offense characteristics that the defendant knew or reasonably should have known about. So, the sophisticated means enhancement is applicable *if* the underlying offense involved sophisticated means *and* the defendant knew or reasonably should have known that.

In making that determination, the Court will consider whether the underlying offense involved "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." *United States v. Bolt*, 782 F.3d 388, 391 (8th Cir. 2015) (citing § 2B1.1 cmt. n.9(B)); *United States v. Bistrup*, 449 F.3d 873, 882 (8th Cir. 2006); *United States v. Anderson*, 349 F.3d 568, 570 (8th Cir. 2004). Even if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme. *United States v. Norwood*, 774 F.3d 476, 479 (8th Cir. 2014); *see, United States v. Kieffer*, 621 F.3d 825, 835 (8th Cir. 2010); *United States v. Jenkins*, 578 F.3d 745, 751 (8th Cir. 2009); *Bistrup*, 449 F.3d at 882. Whether a scheme is sophisticated must be viewed in light of the fraudulent conduct and differentiated, by assessing the intricacy or planning of the conduct, from similar offenses conducted by different defendants. *United States v. Hance*, 501 F.3d 900, 909 (8th Cir. 2007). "Sophisticated means" need not be highly sophisticated, and the enhancement may be proper when the offense conduct, viewed as a whole, was notably more intricate than that of the garden variety offense. *Norwood*, 774 F.3d at 480; *Hance*, 501 F.3d at 909.

The Court notes that the underlying offense conduct—at least, as described by the government—is roughly comparable to schemes that the Eighth Circuit has found to warrant application of the sophisticated means enhancement. *See, e.g., Bolt*, 782 F.3d at 391; *Bistrup*, 449 F.3d at 882-83; *Anderson*, 349 F.3d at 570. Whether the government can prove that conduct, and prove that the defendant knew or reasonably should have known about it, is a matter the Court will resolve at sentencing.

(c) The defendant objects to the omission, from the presentence report, of a downward adjustment to the offense level for a mitigating role in the offense. Filing 110 at 7-9. Under U.S.S.G. § 3B1.2, a defendant's offense level may be reduced by two levels if he was only a minor participant in any criminal activity, and by four levels if he was a minimal participant. The Court must determine the relevant conduct, and compare the defendant's actions against those of the other participants, evaluating her culpability in relation to the elements of the offense. *United States v. Pinkin*, 675 F.3d 1088, 1090 (8th Cir. 2012), *United States v. Goodman*, 509 F.3d 872, 875 (8th Cir. 2007). To qualify for a minor participant adjustment under § 3B1.2(b), the defendant must be "less culpable than most other participants." *Id.*, cmt. n.5. To qualify for a minimal participant adjustment under § 3B1.2(a), the defendant must be "plainly among the least culpable of those involved in the conduct of a group." *Id.*, cmt. n.4. "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* Minimal participants are those with "insignificant" involvement in the criminal activity. *Goodman*, 509 F.3d at 875.

The defendant acknowledges that because she pled guilty to being an accessory after the fact in violation of 18 U.S.C. § 3, a mitigating role adjustment normally would not apply because an adjustment for reduced culpability is incorporated in the base offense level. *See* U.S.S.G. § 2X3.1 cmt. n. 2; *see also United States v, Jimenez*, 282 F.3d 597, 600 (8th Cir. 2002). But the word "normally" assumes that there may be unusual cases in which that general rule does not apply, and there is at least limited authority suggesting that an adjustment based on reduced culpability may be available if the evidence establishes the defendant's mitigating role *in the accessory offense. See*, *United States v. Vega-Coreano*, 229 F.3d 288, 290-91 (1st Cir. 2000); *United States v. Conley*, 186 F.3d 7, 26 (1st Cir. 1999); *cf.*, *United States v. Bolden*, 368 F.3d 1032, 1036-37 (8th Cir. 2004) (affirming upward departure for misprision of felony based on defendant's role in underlying offense); *United States v. Hawkins*, 998 F.2d 1019 (8th Cir. 1993) (unpublished table decision) (affirming refusal to apply mitigating role adjustment where defendant was not minimal or minor participant in misprision).

- 4 -

      The burden of establishing a role adjustment as a minor or minimal participant rests with the defendant. *See Pinkin*, 675 F.3d at 1090. Accordingly, the Court will resolve the defendant's objection on the evidence at sentencing.

(d)    The defendant objects to the presentence report's restitution calculation for the same reasons that she objects to the loss calculation: some of the losses, she argues, are insufficiently proven or not attributable to the offense. Filing 127 at 6-8. As with the loss calculation, the Court will determine both the total amount involved and the amount attributable to the defendant on the evidence presented at the June 9, 2015 evidentiary hearing and the June 10 sentencing.

      In doing so, the Court will specifically consider the extent to which the total amount of the victims' losses was caused by the offense of conviction: that is, how much of the loss was proximately caused by the defendant being an accessory after the fact. Restitution, in this case under the Mandatory Victims Restitution Act, is proper only to the extent the defendant's offense proximately caused a victim's losses. 18 U.S.C. § 3663A; *United States v. Chalupnik*, 514 F.3d 748, 752 (8th Cir. 2008); *see Hughey v. United States*, 495 U.S. 411, 420-21 (1990). There is no *per se* rule against imposing restitution on persons based on their convictions for being accessories after the fact. *United States v. Squirrel*, 588 F.3d 207, 213 (4th Cir. 2009). But that restitution may not exceed the amount of the victims' losses caused by the conduct underlying the offense of conviction—that is, the losses that were caused by the defendant acting as an accessory after the fact. *See, id.* at 215; *United States v. Quackenbush*, 9 F. App'x 264, 269-70 (4th Cir. 2001); *United States v. Neal*, 36 F.3d 1190, 1200-01 (1st Cir. 1994); *see also United States v. Sosebee*, 419 F.3d 451, 459 (6th Cir. 2005). With that in mind, the Court will resolve this issue at sentencing.

(e)    The defendant objects to the statement in the presentence report that she is not eligible for probation. She points out that if the Court accepts the plea agreement, the Court must impose a Zone B sentence, which would permit probation. *See* U.S.S.G. § 5B1.1(a). The Court acknowledges that, if the Court accepts the plea agreement and/or varies downward, the Court may impose a sentence of probation. Whether to accept the plea agreement,

       whether to vary downward (if necessary based on the Guidelines calculations), and whether to actually impose a sentence of probation, are all questions the Court will answer at sentencing.

(f) Finally, the defendant takes issue with various specific facts set forth in the presentence report, contending that she pled guilty "to a stipulated set of facts" outlined in her plea agreement, and objecting to "any assertions" set forth in the presentence report that deviate from that stipulation. Filing 126 at 4; filing 127 at 11. The Court does not read the plea agreement so narrowly. The plea agreement sets forth a factual basis for the plea. Filing 95 at 3-7. And those facts are "true and undisputed." Filing 95 at 3. But the plea agreement also provides that all the conduct alleged in the indictment is relevant conduct for purposes of sentencing. Filing 95 at 1. The Court sees nothing in the plea agreement precluding the government from adducing evidence, for sentencing purposes, beyond the factual basis for the plea. To the extent that the defendant is objecting to proof of any facts beyond those set forth in the plea agreement, the defendant's argument is without merit.

       That said, the Court will consider each of the defendant's specific objections to particular factual claims, based on the evidence at sentencing, to the extent necessary to determine the appropriate sentence to be imposed.

3. The defendant moves for a downward variance based on her personal characteristics and the circumstances of the offense. Filing 126 at 6-7. The Court will resolve that motion at sentencing.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

- 7 -

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 11th day of May, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge